IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY E. SHAW, JR.,

    Plaintiff,

v.                                                        Civ. No. 19-1063 GBW/JFR

SHAWN GLASHAUCKUS, *et al.*,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment Based on Qualified Immunity. *Doc. 17.* Having reviewed the Motion and the briefing (*docs. 21, 22*), and being otherwise fully advised regarding relevant case law, the Court GRANTS Defendants' motion.

    **I.**     **PROCEDURAL POSTURE**

Plaintiff filed this suit in state court on September 30, 2019. *Doc. 1* at 5–14 (hereinafter, "Complaint"). Plaintiff brings various claims pursuant to 42 U.S.C. § 1983 and New Mexico's Tort Claims Act, NMSA 1978 § 41-4-4. Complaint at ¶¶ 16–41. The thrust of Plaintiff's claims is that Defendant Glashauckas arrested, detained, and filed charges against Plaintiff without probable cause to believe that Plaintiff had committed a crime, in violation of the Fourth Amendment. On the basis of Plaintiff's federal claims, Defendants removed the case to this Court on November 14, 2019. *Doc. 1* at 1–2.

Defendants filed the present Motion on June 17, 2020, seeking summary

judgment on all of Plaintiff's claims. Pursuant to Local Rule 7.4(a), Plaintiff's response was due July 1, 2020. *See* D.N.M.LR-Civ. 7.4(a). That date elapsed without any notice or request from Plaintiff for an extension of the time to respond. Plaintiff filed a response on July 27, 2020, without any explanation for his untimeliness. *Doc. 21*. Under Local Rule 7.1(b), failure to timely respond to a motion constitutes consent to grant it. *See* D.N.M.LR-Civ. 7.1(b). However, pursuant to *Reed v. Bennett*, 312 F.3d 1190 (10th Cir. 2002), the nonmovant's failure to respond is not a sufficient basis to grant summary judgment.

Concurrent with the instant Motion, Defendants moved for a stay of all proceedings, including discovery, while the instant Motion is pending. *Doc. 19*. As with the instant Motion, Plaintiff failed to respond to the motion for a stay within the time permitted. The stay was granted on July 8, 2020. *Doc. 20*.

## II.   LEGAL STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the movant meets this burden, the non-moving party is required to designate specific

facts showing that "there are . . . genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Celotex*, 477 U.S. at 324.

Notably, however, summary judgment motions based upon the defense of qualified immunity are reviewed differently from other summary judgment motions. *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Id*. (citing *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009)). This is a "strict two-part test" that must be met before the defendant asserting qualified immunity again "bear[s] the traditional burden of the movant for summary judgment—showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008) (quoting *Nelson v. McMullen*, 207 F.3d 1202, 1205 (10th Cir. 2000)) (internal quotations omitted). The Court may address the two prongs of the test in any order. *Pearson*, 555 U.S. at 236.

"Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."

3

*Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010) (quotation omitted). While it is not necessary to identify a case with identical facts, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The Supreme Court has repeatedly admonished courts "not to define clearly established law at a high level of generality." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018)). General principles "do not by themselves create clearly established law outside 'an obvious case.'" *White v. Pauly*, 137 S. Ct. 548, 552 (2018) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004)). The test is whether the "right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Kisela*, 138 S. Ct. at 1153 (quoting *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014)).

In determining whether the plaintiff has met his or her burden to overcome a qualified immunity defense, the Court construes the facts in the light most favorable to the plaintiff as the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 377 (2007). In so doing, the Court must keep in mind three principles. First, the Court's role is not to weigh the evidence, but to assess the threshold issue of whether a genuine issue exists as to material facts requiring a trial. *See Liberty Lobby*, 477 U.S. at 249. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the substantive law it

4

is essential to the proper disposition of the claim." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citation omitted).  Second, the Court must resolve all reasonable inferences and doubts in favor of the non-moving party and construe all evidence in the light most favorable to the non-moving party.  *See Hunt v. Cromartie*, 526 U.S. 541, 550–54 (1999).  Third, the court cannot decide any issues of credibility.  *See Liberty Lobby*, 477 U.S. at 255.  "[T]o survive the . . . motion, [the nonmovant] need only present evidence from which a jury might return a verdict in his favor." *Id*. at 257.  Nonetheless, at the summary judgment stage, "a plaintiff's version of the facts must find support in the record." *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009).

### III.  UNDISPUTED FACTS

By failing to file a response within the time specified by the local rule, Plaintiff "waive[d] the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed*, 312 F.3d at 1195.  Setting aside the untimeliness, Plaintiff's response nonetheless fails to adequately dispute the facts upon which Defendants rely, because Plaintiff does not support his asserted disputes with any evidence in the record. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited [i.e., by the opposing party] do not establish the absence or presence of a genuine dispute . . . ."); D.N.M.LR-Civ. 56.1(b) (requiring the nonmovant's response to "refer with particularity to those portions of the record" on

which the nonmovant relies and noting that the movant's facts "will be deemed undisputed unless specifically controverted").

Instead of adducing any evidence to counter Defendants' Statement of Undisputed Material Facts, Plaintiff rests his argument on potential evidence "still unobtained in discovery." *Doc. 21 at 2*. If further evidence was needed to respond to Defendants' Motion, it was Plaintiff's responsibility to obtain it. Plaintiff not only did not oppose Defendants' request for a stay of the proceedings but also failed to seek discovery on the disputed facts as permitted by Federal Rule of Civil Procedure 56(d). *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (citing *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)) (describing the required showing to obtain discovery under Rule 56(d)). Additionally, as Defendants point out, Plaintiff had ample time to conduct discovery before Defendants filed this Motion. *Doc. 22 at 2–3*. The parties' Rule 16 scheduling conference was held on January 13, 2020 (*doc. 13*), and this Motion was filed June 17, 2020. Plaintiff's failure to conduct seemingly *any* discovery in those five months is inexplicable.

Because Plaintiff has failed to support his version of facts with evidence in the record, the Court largely adopts the version of events set forth in Defendants' Statement of Undisputed Material Facts (*doc. 17 at 4–6*; hereinafter cited individually as "UMF __") and the exhibits attached thereto. Accordingly, the Court finds the following facts to be undisputed for the purposes of this Motion:

6

1.      At all times material to this case, Defendant Glashauckas was a duly sworn law enforcement officer employed by Defendant Lovington Police Department, acting under color of law and in the course and scope of his duties and employment.  UMF 1; Complaint at ¶ 2.

2.      On July 27, 2017, Defendant Glashauckas was on duty in his patrol unit driving southbound on Highway 18 in Lovington, New Mexico, when he observed a vehicle speeding northbound.  UMF 2, 3; *doc. 17-1* at 7.

3.      Defendant Glashauckas pulled into the center median, engaged his emergency lights, and waited to enter the lane behind the speeding vehicle.[1]  UMF 4; *doc. 17-1* at 7.

4.      After Defendant Glashauckas entered the northbound highway behind the speeding vehicle, another vehicle (driven by Plaintiff) came behind Defendant Glashauckas's patrol car and nearly collided with it.  UMF 7; Complaint at ¶ 7.

5.      At some point during Defendant Glashauckas's pursuit of the speeding vehicle, Plaintiff prevented Defendant Glashauckas from entering the lane behind the speeding vehicle.  *Doc. 17-1* at 7.[2]

---

[1] The parties dispute the manner in which Defendant Glashauckas executed the U-turn.  *See doc. 21* at 2. Specifically, Plaintiff alleges that Defendant Glashauckas made a "high-speed" U-turn.  Complaint at ¶ 7. Notably, however, Plaintiff does not specifically dispute that Defendant Glashauckas had engaged his emergency lights before entering the lane.

[2] While this fact is not mentioned in Defendants' Statement of Undisputed Material Facts, it is included in Defendant Glashauckas's police report, which was attached to Defendants' motion.  *See doc. 17-1* at 5–10. As this evidence is part of the record, the Court is permitted to consider it.  *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); The Court further notes that the cited portions of Defendant Glashauckas's police report are admissible. *See, e.g., Dorato v. Smith*, 108 F. Supp. 3d 1064, 1072 n.6 (D.N.M. 2015) (noting that an officer's own observations recorded under a duty to report are admissible under Federal Rule of Evidence 803(6)).

6.      At some point during Defendant Glashauckas's pursuit of the speeding vehicle, Plaintiff moved from one lane to another in a manner that resulted in Defendant Glashauckas nearly running off the road.  *Id.*[3]

7.      At some point during Defendant Glashauckas's pursuit of the speeding vehicle, Plaintiff drove alongside Defendant Glashauckas while "yelling and making hand gestures."  *Id.*[4]

8.      Defendant Glashauckas pulled over the speeding vehicle and Plaintiff came to a stop behind him.  UMF 8.

9.      Defendant Glashauckas approached Plaintiff's vehicle and asked for his identification, informing him that he was suspected of committing the violation of failure to yield to an emergency vehicle.  UMF 9; Defs.' Ex. 2 ("Glashauckas Lapel Video") at 0:00–0:18.

10.     Plaintiff refused to provide any form of identification and repeatedly asked to speak to a supervisor.  UMF 9, 10; Glashauckas Lapel Video at 0:00–2:30.

11.     Defendant Glashauckas then instructed Plaintiff to exit his vehicle, which Plaintiff also refused to do.  UMF 11; Glashauckas Lapel Video at 0:45–2:30.

---

[3] While this fact is not mentioned in Defendants' Statement of Undisputed Material Facts, it is included in Defendant Glashauckas's police report.  As this evidence is part of the record, the Court is permitted to consider it.  *See* Fed. R. Civ. P. 56(c)(3).  Additionally, it is clear from Defendants' motion that they intended to rely on this fact.  *Doc. 17* at 8.

[4] While this fact is not mentioned in Defendants' Statement of Undisputed Material Facts, it is included in Defendant Glashauckas's police report.  As this evidence is part of the record, the Court is permitted to consider it.  *See* Fed. R. Civ. P. 56(c)(3).

12. After Defendant Glashauckas called for backup, Plaintiff eventually provided identification and stepped outside the vehicle. UMF 12; Glashauckas Lapel Video at 0:25–3:00.

13. Numerous additional officers arrived on the scene, including Defendant Glashauckas's supervising officer. UMF 12; Glashauckas Lapel Video at 3:30–4:00.

14. Defendant Glashauckas arrested Plaintiff and performed a search incident to arrest, which uncovered a firearm in Plaintiff's pocket. UMF 12, 15.

15. Plaintiff did not have a concealed carry license. UMF 16.

16. Defendant Glashauckas advised Plaintiff that he was under arrest for reckless driving, obstructing an officer, and failure to yield to an emergency vehicle. UMF 13; Glashauckas Lapel Video at 6:00–6:30.

17. Defendant Glashauckas conferred with his supervising officer on the scene regarding whether the firearm in Plaintiff's pocket may form the basis of an unlawful concealed carry charge. Glashauckas Lapel Video at 6:50 – 7:30.[5]

18. The supervising officer stated that a concealed carry charge could be brought in this circumstance, unless Plaintiff had a permit. *Id.* at 4:00–7:30.[6]

---

[5] While this fact is not mentioned in Defendants' Statement of Undisputed Material Facts, it is clearly visible in Defendant Glashauckas's lapel video. As this evidence is part of the record, the Court is permitted to consider it. *See* Fed. R. Civ. P. 56(c)(3). Additionally, it is clear from Defendants' motion that they intended to rely on this fact. *Doc. 17* at 8–9.

[6] While this fact is not mentioned in Defendants' Statement of Undisputed Material Facts, it is clearly visible in Defendant Glashauckas's lapel video. As this evidence is part of the record, the Court is permitted to consider it. *See* Fed. R. Civ. P. 56(c)(3). Additionally, it is clear from Defendants' motion that they intended to rely on this fact. *Doc. 17* at 8–9.

19.     Defendant Glashauckas subsequently filed a criminal complaint against Plaintiff, bringing charges under the following statutes: NMSA 1978 §§ 30-22-22 (aggravated assault on a peace officer); 30-22-1 (resisting, evading, or obstructing an officer); 30-7-2 (unlawful carrying of a deadly weapon); 66-7-332 (operation of vehicles on approach of an emergency vehicle); 66-7-317 (driving on roadways laned for traffic).  UMF 17; *doc. 17-2* at 11–14.

20.     The charges against Plaintiff were ultimately dismissed *nolle prosequi* without prejudice.  Complaint at ¶ 9, Ex. A.

## IV.  ANALYSIS

### A. Plaintiff Cannot Recover for Claims of Negligence Under Either 42 U.S.C. § 1983 or New Mexico's Tort Claims Act.

To begin, the Court agrees with Defendants that the six separate causes of action in Plaintiff's Complaint are "confusingly pled."  *See doc. 17* at 12.  Three of Plaintiff's claims assert some form of negligence, including negligent infliction of emotional distress and negligent hiring and supervision.  Negligent conduct cannot form the basis of a § 1983 claim.  *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992).  Nor can a law enforcement officer or agency be sued for negligence under New Mexico's Tort Claims Act.  *See* NMSA 1978 § 41-4-12 (waiving law enforcement officers' immunity only for intentional torts and constitutional violations); *McDermitt v. Corrections Corp. of Am.*, 814 P.2d 115, 116 (N.M. Ct. App. 1991) (holding that a plaintiff "cannot recover for negligent training or supervision in the absence of either a tort listed

in Section 41-4-12 or a deprivation of a right secured by the federal or state constitution or laws"). Accordingly, the Court dismisses all claims grounded in theories of negligence.

### B. Plaintiff Has Failed to Carry His Burden of Showing a Constitutional Violation by Defendant Glashauckas.

Plaintiff's remaining claims assert violations of the Fourth Amendment. Specifically, Plaintiff raises claims of unlawful seizure and malicious prosecution, based on the asserted lack of probable cause for the charges brought against him.

An officer must have probable cause to believe a person has committed a crime in order to make a warrantless arrest. *Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007). "Probable cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Id.* at 1116 (*quoting United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004)). An arrest is lawful so long as there is probable cause to arrest the person on *some* ground. *Apodaca v. City of Albuquerque*, 443 F.3d 1286, 1289 (10th Cir. 2006). In the qualified immunity context, the Court asks whether officers had "arguable probable cause" for the arrest, meaning that "officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) (quoting *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012)).

11

The Court finds that Defendant Glashauckas had probable cause to arrest Plaintiff for at least one, if not all, of the charges brought against him. Plaintiff's charges include two traffic violations: failure to yield to an approaching emergency vehicle in violation of NMSA 1978 § 66-7-332 and improper lane change in violation of NMSA 1978 § 66-7-317. Before Defendant Glashauckas entered the northbound lane, his emergency lights were engaged, thus Plaintiff was required to "yield the right of way and . . . immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway . . . and . . . stop and remain in that position until the authorized emergency vehicle has passed." *Id.* § 66-7-332(A). According to the facts in the record, Plaintiff did not immediately move into the right-hand lane or remain there, nor did he stop or slow down to let Defendant Glashauckas pass. Additionally, the facts in the record indicate that Plaintiff moved from one lane to another without "first ascertain[ing] that such movement can be made with safety," § 66-7-317(A), which led to Defendant Glashauckas nearly running off the road. Consequently, Defendant Glashauckas had probable cause to believe that Plaintiff had committed at least two separate traffic violations.

Plaintiff was also charged with aggravated assault on a peace officer in violation of NMSA 1978 § 30-22-22, on the basis of Plaintiff's unsafe driving. *See doc. 17-1 at 9*. Subsection (1) of this statute prohibits "unlawfully assaulting or striking at a peace officer with a deadly weapon while he is in the lawful discharge of his duties." Assault

12

includes "any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery." NMSA 1978 § 30-3-1(B). A moving vehicle qualifies as a deadly weapon when it is used to strike another. *United States v. Hernandez*, 428 F. Supp. 3d 775, 793 (D.N.M. 2019) (nearly hitting an occupied police car with one's own car constitutes aggravated assault on a peace officer); *New Mexico v. Trujillo*, 2010 WL 4019947, at *3 (N.M. Ct. App. March 17, 2010) (unpublished). According to the facts in the record, Plaintiff nearly collided with Defendant Glashauckas, then nearly ran him off the road, then drove alongside him while yelling and gesturing. Based on these facts, the Court finds that Defendant Glashauckas reasonably believed that he was in danger of being struck by Plaintiff's car. The Court finds probable cause for the charge of aggravated assault on a peace officer.

Next, Defendant Glashauckas charged Plaintiff with resisting, evading, or obstructing a peace officer in violation of NMSA 1978 § 30-22-1. Subsection (D) of this statute prohibits, *inter alia*, refusing to comply with an officer's lawful orders. *New Mexico v. Jimenez*, 392 P.3d 668, 682 (N.M. Ct. App. 2017); *Storey v. Taylor*, 696 F.3d 987, 993 & n.6 (10th Cir. 2012). It is undisputed that Defendant Glashauckas gave Plaintiff several orders to provide identification and exit his vehicle, which Plaintiff refused to obey. These orders were lawfully issued, in light of Defendant Glashauckas's firsthand observations of the previously discussed traffic violations. *See Hiibel v. Sixth Judicial Dist. Ct. of Nev.*, 542 U.S. 177, 186–88 (2004) (an officer may require a person to identify

13

himself where there is reasonable suspicion to believe the person has committed an offense); *Maryland v. Wilson*, 519 U.S. 408 (1997) (an officer may require a person to exit the vehicle during a traffic stop).  While it is undisputed that Plaintiff *eventually* complied with Defendant Glashauckas's orders, his initial (and persistent) refusal constituted a violation of § 30-22-1(D), giving Defendant Glashauckas probable cause to effect an arrest.

Finally, Defendant Glashauckas charged Plaintiff with unlawful carrying of a deadly weapon in violation of NMSA 1978 § 30-7-2.  This statute prohibits carrying a concealed firearm without a license, *see id.* § 30-7-2(A)(5); however, it does not prohibit carrying a concealed firearm in a private automobile "for lawful protection of the person's or another's person or property," *id.* § 30-7-2(A)(2).  While Plaintiff was permitted to have a firearm in his pocket while in his vehicle, it does not follow that he was permitted to keep it there when he exited the vehicle.  Plaintiff argues that his exit was "non-voluntary" due to Defendant Glashauckas's order.  *Doc. 21* at 3.  Whatever the potential merits of an involuntariness theory as a defense to a charge under § 30-7-2(A)(2), the Court can find no case law to support it and, in any case, it is not relevant here.  Plaintiff was not acting under any apparent compulsion, given that Plaintiff remained in his car for several minutes after Defendant Glashauckas's order to exit the vehicle.  Defendant Glashauckas had at least arguable probable cause for the charge of unlawful carrying of a deadly weapon.

In sum, Defendant Glashauckas had probable cause to arrest Plaintiff for some if not all of the charges brought against him, thus no unconstitutional seizure occurred.

Even if the Court had found no probable cause to arrest Plaintiff for any charge, Plaintiff has completely failed to carry his burden of showing a clearly established constitutional violation. To reiterate the applicable standards, when a defendant invokes qualified immunity, the plaintiff must identify precedent that has "placed the statutory or constitutional question beyond debate." *Al-Kidd*, 563 U.S. at 741. Such precedent must be "particularized" to the facts of the plaintiff's case, not "defined at a high level of generality." *White*, 137 S. Ct. at 552 (citations and internal quotation marks omitted). Plaintiff does not cite *any* case law addressing the particular statutes under which he was charged, let alone case law with analogous facts. *See doc. 21* at 3–4. Because Plaintiff has failed to carry this burden to defeat qualified immunity, summary judgment on the claim of unlawful seizure is proper on the "clearly established" prong alone. *See Gutierrez v. Cobos*, 841 F.3d 895, 900-02 (10th Cir. 2016); *Rojas v. Anderson*, 727 F.3d 1000, 1002-04 (10th Cir. 2013).

A claim of malicious prosecution requires showing that "(1) the defendant caused the plaintiff's confinement or prosecution; (2) the original action terminated in the plaintiff's favor; (3) there was no probable cause to confine or prosecute the plaintiff; (4) malice; and (5) damages." *Cordova v. City of Albuquerque*, 816 F.3d 645, 650 (10th Cir. 2016) (citing *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008)). There is no clearly

15

established law allowing a malicious prosecution claim to proceed where one charge is supported by probable cause although other charges are not. *Van De Weghe v. Chambers*, 569 F. App'x 617, 619–20 (10th Cir. 2014) (unpublished). Because the charges against Plaintiff were supported by probable cause, the claim of malicious prosecution fails.

Furthermore, the Court discerns no evidence of malice from the facts in the record. The Tenth Circuit typically looks for evidence of purposeful misrepresentation or concealment of material facts to establish malice. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258–59 (10th Cir. 2007); *Taylor v. Meacham*, 82 F.3d 1556, 1563–64 (10th Cir. 1996). Plaintiff does not articulate any misrepresentations in Defendant Glashauckas's police report or criminal complaint, and the only concealment he suggests relates to Defendant Glashauckas's own driving. Plaintiff's only apparent allegation of malice is that Defendant Glashauckas pursued charges against him in retaliation for attempting to report Defendant Glashauckas's allegedly unsafe driving. *Doc. 21* at 3. Whatever the faults in Defendant Glashauckas's driving, the facts in the record show that Plaintiff's unsafe driving violated the law. With respect to the most uncertain of the charges (unlawful carrying of a deadly weapon), Defendant Glashauckas conferred in good faith with his supervising officer regarding the validity the charge. The Court does not find any evidence from which a reasonable factfinder would determine that Defendant Glashauckas acted maliciously. Furthermore, Plaintiff has not pointed to any precedent clearly establishing that, without more, an officer's subjective motivation can qualify as

malice for purposes of a malicious prosecution claim. *See doc. 21* at 4-5 (With respect to his malicious prosecution claim, Plaintiff cites only *Wilkins v. DeReyes*, 528 F.3d 790 (10th Cir. 2008) which involved allegations of officers coercing statements from witnesses.). Because there was probable cause to arrest Plaintiff for some or all of the charges brought against him, he has failed to demonstrate either unlawful seizure or malicious prosecution by Defendant Glashauckas. Moreover, regardless of whether or not there was probable cause, Plaintiff has failed to carry his burden of demonstrating that clearly established law defeats Defendant Glashauckas's entitlement to qualified immunity.

### C. Plaintiff Has Failed to Establish Any Constitutional Violation by Defendants City of Lovington and Lovington Police Department.

To begin, the Court finds that Defendant Lovington Police Department is not a proper party in this case. Governmental sub-units are not separate suable entities under § 1983. *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)). The Lovington Police Department is not separately suable from the City of Lovington, which Plaintiff concedes. *See doc. 21* at 5. All claims against Lovington Police Department will therefore be dismissed.

Municipalities cannot be held liable for the acts of their employees under 42 U.S.C. § 1983 on the basis of a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978); *see also Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir.

2010). Instead, "[a] plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). Therefore, a "municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood*, 997 F.2d 774 (10th Cir. 1993) (citing *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)); *see also Trigalet v. City of Tulsa*, 239 F.3d 1150, 1155–56 (10th Cir. 2001) (applying the rule of *Heller* to failure-to-train claim). Because Defendant Glashauckas committed no constitutional violation, Plaintiff fails to satisfy the first element of his burden.

Moreover, in order to satisfy the second element, Plaintiff must "identify a government's policy or custom that caused the injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (internal quotations and citation omitted). An official policy or custom may take different forms, including "deliberately indifferent training or supervision." *Id.* at 770. Plaintiff's allegations fall under this form. Complaint at ¶ 17. Liability based on a failure to train or supervise requires a "conscious" choice, amounting to "deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989)). Even if the Court had found that Defendant Glashauckas did not have probable cause to arrest or charge Plaintiff, Plaintiff points to no evidence to suggest that the

Defendant City was conscious of any potential or actual deficiency in Defendant Glashauckas's probable cause determination. To the contrary, Defendant Glashauckas's police report, taken as true, adequately establishes probable cause in this case. There is simply no evidence that a failure to train or supervise was the "moving force," *Myers*, 151 F.3d at 1316, behind Defendant Glashauckas's allegedly unconstitutional conduct.

Plaintiff's citation to *Spurlock v. Townes*, 594 F. App'x 463, 470–71 (10th Cir. 2014) (unpublished), is inapposite. In *Spurlock*, three prisoners asserted various claims arising from their sexual assault by a prison guard. *Id.* at 465. The question before the Tenth Circuit concerned the allocation of comparative fault on the state-law negligent supervision claim. *Id*. As previously discussed, Plaintiff cannot recover under any form of negligence. Municipal liability requires nothing short of deliberate indifference. Plaintiff has not established any factual or legal grounds for holding Defendant City of Lovington liable under this standard.

### V.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment Based on Qualified Immunity (*doc. 17*) and DISMISSES Plaintiff's complaint WITH PREJUDICE.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**